No. 22-2808

# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

Roby Anderson,

Appellant,

v.

KAR Global, d/b/a ADESA Missouri, LLC,

Appellee.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

### APPELLANT'S REPLY BRIEF

___

HKM EMPLOYMENT ATTORNEYS LLP

By:    /s/ Kevin A. Todd
       John J. Ziegelmeyer III, MO 59042
       jziegelmeyer@hkm.com
       Brad K. Thoenen, MO 59778
       bthoenen@hkm.com
       Kevin A. Todd, MO 73048
       ktodd@hkm.com
       1501 Westport Road
       Kansas City, Missouri 64111
       816.875.3332

       ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………….. ii

TABLE OF AUTHORITIES……………………………………………..... ii

REPLY ARGUMENT………………………...……………………. 1

CONCLUSION……………………………………………………….. 5

CERTIFICATE OF COMPLIANCE WITH WORD LIMITS AND TYPEFACE REQUIREMENTS……………………………………... 7

CERTIFICATE OF VIRUS FREE……………………………………… 7

CERTIFICATE OF SERVICE……………………………………….. 7

# TABLE OF AUTHORITIES

### CASES

*Griffith v. City of Des Moines*, 387 F.3d 733 (8th Cir. 2004)…………….. 5

# REPLY ARGUMENT

Appellant Roby Anderson has put forward sufficient evidence to allow a jury to find in his favor on his claims of both discrimination and retaliation in violation of the Americans with Disabilities Act. Therefore, the District Court's grant of summary judgment to Appellee must be overturned.

In its brief, Appellee KAR Global, d/b/a ADESA Missouri, LLC ("ADESA") does not contest the District Court's finding that Anderson was disabled following his November 16, 2019 seizure, that he engaged in protected activity when he requested an accommodation from his employer, or that he was terminated a few weeks later on December 18, 2019. As such, the only element of Anderson's claims at issue here is causation. A jury could find that ADESA's termination of Anderson was a result of unlawful disability discrimination and retaliation. As set forth in detail in Appellant's Opening Brief, such a finding would be supported by evidence that ADESA's decision to terminate Anderson's employment was made in the days after decisionmaker Kathy Hopkins learned of his seizure, and that Hopkins explicitly considered Anderson's disability and requested accommodation in her decisionmaking process.

The evidence at this stage shows that prior to Anderson's November 16, 2019 seizure, general discussions about a merger between ADESA and a related company, TradeRev, were taking place. Contrary to the District Court's finding however, no

1

specific decisions regarding post-merger staffing had been made at that time. (App. 00330; R. Doc. 49-1, at 12; App. 00352; R. Doc. 49-6, at 6). Additionally, Anderson's supervisors were openly discussing his post-merger future with the company, creating a clear implication that ADESA's intent was to keep Anderson on after the merger. (App. 00330-31; R. Doc. 49-1, at 12-13). Only after Anderson's seizure, and specifically after Anderson's senior manager, Kathy Hopkins, learned of his seizure and request for an accommodation, did ADESA's tune change. At that point, Hopkins sent an email explicitly connecting Anderson's termination with his disability. With the help of Human Resources, she then determined that Anderson could be terminated because, in part, his requested accommodation was "unreasonable." (App. 00345; R. Doc. 49-5, at 1). The District Court's key error in granting summary judgment was its finding that those conversations Hopkins had with Human Resources occurred after Anderson's termination, rather than properly situating them as a key part of ADESA's decisional process.

In defending the District Court's decision, ADESA attempts to mask the clear factual disputes in this case by offering interpretations on disputed evidence that invade the province of the jury. ADESA does not—and cannot—dispute that the decision to terminate Anderson was made after his seizure and requested accommodation. Instead, ADESA argues that this inconvenient fact does not matter because the "relevant" discussions about Anderson's employment happened prior to

2

his seizure. (ADESA Br. at 11). Conspicuously absent from ADESA's brief are any specific details about what these pre-seizure discussions involved, or when the staffing decisions occurred that were supposedly made in those discussions. ADESA asks the Court to simply repeat the District Court's error in finding those discussions, rather than any post-seizure conversations, were the "relevant" ones.

Notably, while ADESA talks up the importance of the pre-seizure communications that arguably support its position, it attempts to minimize the pre-seizure communications Anderson had with his supervisors about his post-merger role. As set forth in detail in his Opening Brief, Anderson had numerous optimistic discussions with ADESA management about his expected post-merger role. (Anderson Br. at 2). ADESA claims it is "self-evident" that such discussions would occur, so they are of "no relevance." (ADESA Br. at 24). It may be self-evident why an employer would have such conversations with an employee it intends to *retain*, but a jury would be entitled to disbelieve ADESA's position that such conversations would naturally happen with an employee the company has already decided to terminate. For purposes of summary judgment though, the role of this Court is not to determine ADESA's true pre-seizure intent regarding Anderson's future employment, but to recognize the clear dispute of material fact regarding when ADESA made its decision and what its motives were.

3

As highlighted in Appellant's Opening Brief, ADESA management was particularly excited about how Anderson would function as a "hunter" after the reorganization. (Anderson Br. at 2, 17). ADESA initially hired Anderson because of his skill at "hunting," the company's term for going out and bringing in new business. His managers believed the change in roles after the merger would empower him to maximize those talents. Contrary to its position at the time, ADESA now attempts to downplay the importance of Anderson's skillset to the company's post-merger future. ADESA concedes that "hunting," rather than "farming" (maintaining existing customers) would have been the bulk of Anderson's post-merger job. But ADESA still contends that because others were better "farmers," it was justified in terminating Anderson. Contrary to that shifting view though, a jury would certainly be entitled to find that ADESA intended to keep Anderson on in a role that took advantage of his skill as a hunter, changed plans because of Anderson's seizure and request for an accommodation, and only retroactively decided to justify that decision based on a professed concern about an entirely different skillset.

In the leadup to his termination, Anderson's supervisors viewed him not only as an excellent hunter, but as an all-around "high performer." In the immediate aftermath of his seizure and request for an accommodation, ADESA appears to have questioned whether the requested accommodation would be reasonable for the company to provide. Despite any reservations, ADESA initially accommodated him

4

because he was a "high performer." (App. 00345-46; R. Doc. 49-5). ADESA now contends that Anderson was a worse performer than his peers. It is unclear at this stage what metrics his supposed performance deficiencies were based on, their application to the post-merger job, or the weight ADESA gave to past performance in a different role relative to expected post-merger organizational fit. It *is* clear, though, that prior to Anderson's seizure and need for an accommodation, his supervisors viewed him as a high performer who would fit well in the reorganized company. Only after senior management learned of his disability and need for an accommodation did that view change.

Anderson has presented sufficient evidence, at the summary judgment stage, to show that "unlawful discrimination was a motivating factor" in his termination, regardless of ADESA's attempts to present "additional legitimate motives." *Griffith v. City of Des Moines*, 387 F.3d 733, 735 (8th Cir. 2004). A reasonable jury could easily find that ADESA's view of Anderson changed because of his disability and because of his protected activity. As such, the District Court's grant of summary judgment must be overturned.

## CONCLUSION

For the foregoing reasons, and for those set forth in Appellant's Opening Brief, the District Court's grant of summary judgment on Anderson's claims for disability discrimination and retaliation under the Americans with Disabilities Act

Appellate Case: 22-2808    Page: 7    Date Filed: 01/17/2023 Entry ID: 5236303

should be reversed, and this matter should be remanded to the United States District Court for the Western District of Missouri for further proceedings.

Respectfully Submitted:

**HKM EMPLOYMENT ATTORNEYS LLP**

By:   */s/ Kevin A. Todd*
      John J. Ziegelmeyer III, MO 59042
      jziegelmeyer@hkm.com
      Brad K. Thoenen, MO 59778
      bthoenen@hkm.com
      Kevin A. Todd, MO 73048
      ktodd@hkm.com
      1501 Westport Road
      Kansas City, Missouri 64111
      816.875.3332

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITS AND TYPEFACE REQUIREMENTS

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(ii) because it contains 1,167 words, excluding the parts of the brief excepted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Mac in Times New Roman font style in size 14.

# CERTIFICATE OF VIRUS FREE

Pursuant to Rule 28A(h)(2) of the Eighth Circuit Rules of Appellate Procedure, the undersigned counsel for Appellant certifies that the attached Appellant's Brief has been scanned for computer viruses and is virus free.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 17, 2023, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

*/s/ Kevin A. Todd*
Attorney for Plaintiff
